STATE OF NEBRASKA, APPELLEE, V. RUSSELL E. MODEROW, APPELLANT.

411 N.W.2d 647

Filed September 11, 1987.    No. 87-010.

Arthur C. Toogood, Adams County Public Defender, for appellant.

Robert M. Spire, Attorney General, and Yvonne E. Gates, for appellee.

BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ., and COLWELL, D.J., Retired.

PER CURIAM.

The defendant, Russell E. Moderow, was fined $10 and costs for operating a motor vehicle while his operator's license was suspended, and his operator's license was suspended for 1 year. Upon appeal to the district court the judgment was affirmed.

Upon appeal to this court the defendant has set forth two assignments of error: (1) that the verdict is not sustained by sufficient evidence and (2) that he has been deprived of property without due process of law. Both assignments are based on the contention that the Department of Motor Vehicles (DMV) failed to give proper notice of the suspension because the notice was not mailed to his last known address.

The record shows the defendant was stopped for driving in excess of posted speed limits. When he was asked to produce his driver's license and failed to do so, the officer checked with the station and learned the defendant's license had been suspended. The defendant gave the officer a sales slip for the vehicle, which listed his address as Marquette, Nebraska.

When the DMV suspended the defendant's license, it mailed a notice to him which requested that he forward his operator's license, No. G08-266; license plates; and registration certificate to the department. The notice stated his operating privileges would be restored upon proof of financial responsibility. The notice was sent to Marquette, Nebraska, 68854, and was returned unclaimed. The DMV records also showed that the defendant's license had previously been revoked and reinstated on condition that proof of financial responsibility be maintained until July 5, 1988. The records contain a copy of a notice of cancellation of insurance sent to the DMV by the defendant's insurance company, which listed the defendant's driver's license number as E28-5964 and his address as Marquette, Nebraska. The abstract of the defendant's driving record, also in evidence, listed his address as 1022 W. Koenig, Grand Island, and his operator's license number as G08-266.

The issue is whether the notice from the DMV was sent to the defendant at his last known address. The statute provides that the notice shall be served by mailing by either registered or certified mail to "the last-known residence of such person or, if such address is unknown, to the last-known business address of

such person." Neb. Rev. Stat. § 39-669.28 (Reissue 1984).

The defendant argues the DMV incorrectly sent the notice to Marquette, Nebraska, the address listed on the notice of cancellation of insurance, which listed his driver's license number as E28-5964.

The State contends the judgment is supported by sufficient evidence because the discrepancy in the driver's license numbers was due to the fact that the defendant was issued a new driver's license on July 11, 1985, which was after he had received his insurance policy. The State contends the DMV had records of both numbers and properly notified the defendant that his new license was suspended because his insurance had been canceled. The State further contends that defendant's last known address was Marquette, Nebraska, because that was the address listed on the insurance company's notice of cancellation, sent 4 months after the defendant had received his second driver's license, and that notice was in the department's files.

*State v. Garst*, 175 Neb. 731, 123 N.W.2d 638 (1963), involved a similar issue. In *Garst* the defendant was convicted of driving while under suspension and contended on appeal that he had not received proper notice of the suspension. The record contained abstracts of court records involving violations of the law relating to the operation of motor vehicles, a letter notifying the defendant of suspension, and its return, unclaimed. The address which appeared on the abstract for conviction was the address to which the notice had been sent. The defendant testified his mother had told him she had received a letter from the State which she believed related to his license, and he had sent her his operator's license, but alleged he did not know what his mother then did with it. The license was on file with the State when the defendant was charged with driving on a suspended license.

We stated the record established the notice had been mailed to the defendant's last known address as shown by "such records in the Department of Motor Vehicles." *Garst, supra* at ·736, 123 N.W.2d at 641. That address was the address shown on the certified copy of the abstract for conviction report. We held that the statute requiring notice to the last known address does not require that a driver receive actual notice, and the Director

of Motor Vehicles should rely on the last known residence as shown by "the files in his office." *Garst, supra* at 737, 123 N.W.2d at 642.

The statute does not require that notice of revocation or suspension of an operator's license be actually received, or that the person involved have actual knowledge of the suspension or revocation of his license. *State v. Garst, supra.* In this case the defendant knew or should have known that his license had been reinstated upon the condition that he maintain proof of financial responsibility until July 5, 1988. When he failed to maintain insurance coverage or otherwise furnish proof of financial responsibility, he knew that his license would be suspended again.

The Marquette, Nebraska, address that was shown on the "Financial Responsibility Notice of Cancellation or Termination," dated November 14, 1985, and sent to the department by Dairyland Insurance Company, was the most recent information in the files of the department as to the defendant's address. It was the "last known residence," and the mailing of the notice to that address by the department satisfied the requirements of the statute.

The judgment is affirmed.

AFFIRMED.

WHITE, J., dissents.